PER CURIAM.
| ^RANTED. At issue is the proper interpretation of language contained in a cash sale deed. For the following reasons, we find the court of appeal erred in holding that all of the vendor’s interest in the property was conveyed to the vendee in the sale.
Virgil Mason inherited from his father, Willis Mason, a 1/125 interest and a 1/880 interest in a piece of immovable property. Virgil Mason also inherited from his sister, Mary Mason, a 3/880 interest in this property. Virgil Mason conveyed the following property to the Leonards in 1988:
all of Virgil Mason’s undivided interest in and to the following described property, to wit:
East ten (10) acres of SE of SW, SW of SE, Section 28, Township 16 North, Range 3 West, Less undivided 1/11 Interest to Morgan R. And Mrs. Vi-dell Robinson, Less fifteen (15) acres to V.C. Harvey for 1968, Less and undivided two (2) acres sold to V.C. Harvey for 1970, Less an undivided two (2) acres sold to V.C. Harvey for 1971, Less two (2) acres to V.C. Harvey for 1969.

This is the separate property of Virgil Mason inherited from, Willis Mason’s Estate.

(Emphasis added).
^Thereafter, R. Kenneth Jeane and Suzanne W. Jeane (“the Jeanes”) purchased the Leonards’ interest in the property.
A concursus proceeding ultimately ensued, wherein Exco Operating Company, LP (“Exco”) sought to have the dispute resolved as to who was the proper owner of the 3/880 interest Virgil Mason inherited from his sister, Mary Mason.[1] The Masons filed a motion for summary judgment, contending the cash sale deed clearly conveyed to the Leonards only the property inherited by Virgil Mason from his father, Willis Mason. The Jeanes filed their own motion for summary judgment, arguing, to the contrary, the cash sale deed unambiguously conveyed all of Virgil Mason’s interest in the property to the Leonards, including that inherited from Mary Mason. Thus, when the Leonards sold their interest in the property to the Jeanes, the Jeanes became owners of all the interests at issue.
*1001 The trial court granted the Masons’ motion and denied the Jeanes’ motion, finding the deed’s language to be “neither unclear nor unambiguous.” Specifically, the trial court found “the concluding phrase, that it is the interest the seller inherited from the father, limits the undivided interest conveyed to that which the seller inherited from his father, the 1/125 and 1/880 interest.” It held the undivided 3/880 interest inherited by Virgil Mason from his sister, Mary Mason, was not contemplated by the cash sale deed.
The Jeanes appealed. The court of appeal reversed, finding the trial court erred in its determination that the cash sale deed did not convey all of Virgil Mason’s undivided interest in and to the property to the Leonards. The court of appeal reasoned that the provision “[tjhis is the separate property of Virgil Mason inherited |3from Willis Mason’s Estate” was intended solely to clarify that Virgil Mason was conveying his separate property only, as opposed to conveying his interest in community property shared with his wife, Mattie Mason.
In reviewing this matter, we are mindful of the rules regarding interpretation of contracts. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La.Civ.Code art. 2046. Each provision of a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. Civ.Code art. 2050. The words of a contract must be given their generally prevailing meaning. La.Civ. Code art. 2047.
Based on the foregoing rules and a clear reading of the contract, we find the court of appeal erred in reversing the trial court’s judgment. The cash sale deed provides for a transfer of “all of Virgil Mason’s undivided interest in and to the following described property ... [tjhis is the separate property of Virgil Mason inherited from Willis Mason’s Estate.” The latter phrase clearly clarifies that the property being sold is Virgil Mason’s undivided interest in the property he inherited from his father, Willis Mason. To hold, as the court of appeal did, that the concluding phrase only distinguishes the property as separate property, as opposed to community property, ignores the mandates of the Civil Code and the clear intent that only a portion of Virgil Mason’s interest in the property was being conveyed. The language “inherited from Willis Mason’s Estate” must be given meaning. Accordingly, we reverse the court of appeal and reinstate the trial court’s judgment in all respects.
REVERSED AND REINSTATED TRIAL COURT JUDGMENT.
WEIMER, J., would grant and docket.
HUGHES, J., dissents and assigns reasons.

. The Mason plaintiffs filed a petition against Exco, arguing breach of contract and seeking payment for royalties for their mineral interests in the property. Exco filed a peremptory exception of nonjoinder, arguing the Jeanes could have interests in the property as well due to a 2008 title opinion. Additionally, Exco filed a reconventional demand for con-curcus, naming the Masons and the Jeanes as defendants.